# SAN GABRIEL VALLEY LAND AND WATER COMPANY v. DENNIS.

## No. 19,148; October 9, 1893.

### 34 Pac. 441.

**Corporations—Recovery of Stock Assessments.**—In an action to recover an assessment on corporate stock, evidence that the assessment was made on the same day that defendant purchased the stock is sufficient to show that it was made while defendant was the owner of the stock, as it will not be presumed that the assessment was made a fraction of a day before the purchase.[1]

**Corporations—Suit for Assessment.**—A Resolution by the Board of directors "that the president and secretary are hereby ordered to commence suit for the collection of assessment" on stock sufficiently shows a waiver of further proceedings under the chapter for the collection of delinquent assessments.

[1] Cited in the note in 93 Am. St. Rep. 388, on liability to corporations of subscribers to their capital stock.

APPEAL from Superior Court, Los Angeles County; W. P. Wade, Judge.

Action by the San Gabriel Valley Land and Water Company against L. W. Dennis to collect an assessment on stock. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

A. H. Judson and M. C. Hester for appellant; Wells, Monroe & Lee for respondent.

PATERSON, J.—This is an action to recover from respondent, who was a stockholder of the plaintiff corporation, the unpaid balance of an assessment upon eighteen hundred and eighty-three shares of its capital stock. The court below found that the respondent was not, at the time the assessment was levied, the owner of the stock, and that the board of directors had not, before the commencement of this action, elected to waive further statutory proceedings to collect the assessments. It was alleged in the complaint that the defendant was at all times mentioned therein the owner and holder of eighteen hundred and eighty-three shares of the capital stock of plaintiff, for which he had subscribed and agreed to pay. The answer simply denied that the defendant "ever was at any time owner or holder of eighteen hundred and eighty-three shares of the subscribed capital stock of said corporation." This denial in effect admitted that he was the owner and holder of eighteen hundred and eighty-two shares of the stock. But it is claimed by respondent that the plaintiff, having introduced evidence to prove that Dennis was a stockholder, treated the denial as sufficient, and cannot now be heard to question its sufficiency. But, in order to prove that the defendant was the owner of more than eighteen hundred and eighty-two shares, to wit, eighteen hundred and eighty-three shares, the plaintiff was compelled to offer the evidence which he introduced, and the authorities cited by respondent do not apply. But, however this may be, the evidence showed that the defendant was the owner of the stock. It showed that the assessment was made on the day the certificate of stock was issued. It is true it was not shown by

the plaintiff that the purchase of the stock preceded the assessment, but no presumption can be indulged that the assessment was made a fraction of a day prior to the purchase by the defendant of the stock, especially in view of the fact that it was shown that the defendant had paid a portion of the assessment, and requested further time to pay the balance.

The court's second conclusion of law is equally untenable. It is based upon the alleged insufficiency of the resolution of the board to show a waiver of further proceedings under the chapter for the collection of delinquent assessments. It is found that all of the proceedings of the board with respect to the assessment were regular and valid, but it is claimed that no action can be maintained under section 349, Civil Code, unless the board in its resolution expressly declared its intention to waive further proceedings. The resolution referred to, and which was passed on the day fixed for the sale of the delinquent stock, reads as follows: "Resolved, that the president and secretary are hereby ordered to commence suit immediately to enforce the collection of assessment No. 5 on the following delinquent stock in the San Gabriel Valley Land & Water Company." Here follows a description of the stock and name of owner. This resolution, we think, is a sufficient indication of the intention of the corporation to waive further proceedings under the chapter for the collection of delinquent assessments, and to proceed only thereafter by action. The court erred in granting the nonsuit, and the motion for a new trial ought to have been granted. Judgment and order reversed and cause remanded for a new trial.

We concur: Harrison, J.; McFarland, J.